IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JORGE ALBERTO BRIONES PEREYRA,

    Petitioner,                                                              OPINION AND ORDER

    v.                                                                                    24-cv-815-wmc

WARDEN EMMERICH and
DEPORTATION OFFICER BRIAN SKELLY,

    Respondents.

_____

Petitioner Jorge Alberto Briones Pereyra, also known as Jorge Briones Pereyre, is an inmate incarcerated by the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Pereyra has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of an expedited order of removal entered against him by Immigration and Customs Enforcement ("ICE") officials with the United States Department of Homeland Security. (Dkt. #1). The petition must be dismissed for the reasons explained below.

OPINION

Court records show that petitioner is presently incarcerated as the result of a federal conviction for possession with intent to distribute methamphetamine in *United States v. Briones-Pereyra*, Crim. No. 5:22-155-04 (S.D. Tex.). He received a sentence of 108 months' imprisonment in that case, followed by a 5-year term of supervised release, in a judgment entered on March 23, 2023. His projected release date is December 4, 2029.

1

In a federal habeas corpus petition dated November 13, 2024, petitioner challenges a determination made by ICE on May 30, 2024, finding him inadmissible and entering an expedited order of removal against him under Section 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1). (Dkt. #1-1.) That order is signed by Detention Officer Brian Skelly and a supervisory official. (Id.) Noting that he was physically present in the United States for two years before the order of removal was entered, petitioner contends that his order of removal is "void" because § 1225(b)(1) does not apply to him. (Dkt. #1, at 5-6.) Petitioner complains that, as a result of the order of removal, the Bureau of Prisons has determined that First Step Act time credits do not apply to him pursuant to 18 U.S.C. § 3632(d)(4)(E)(i) (prisoners subject to a final order of removal under any provision of the immigration laws are ineligible for time credits under this section), which has affected the length of imprisonment. (*Id*. at 7-8.) Thus, petitioner seeks relief under 28 U.S.C. § 2241 from the order of removal that was entered against him.

Another district court has already found that petitioner's expedited removal order qualifies as a final order of removal and that, as a result, he is ineligible to apply First Step Act time credits to his sentence. *Briones-Pereyra v. Warden*, No. 1:23-cv-1718, 2024 WL 4171380, at *3 (E.D. Cal. Sept. 12, 2024). To the extent that petitioner attempts to challenge the validity of his removal order here, it is well established that district courts do not have subject matter jurisdiction to consider any issues pertaining to an order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a). This statute makes a petition for review to the applicable circuit court of appeals the "*sole and exclusive*

2

*means* of judicial review" for orders of removal. 8 U.S.C. § 1252(a)(5) (emphasis added); *see also Padilla v. Gonzalez*, 470 F.3d 1209, 1214 (7th Cir. 2006) (finding that "Congress clearly intended the courts of appeals to be the one judicial forum for hearing challenges to administrative removal orders"). As a result, any habeas petition under § 2241 seeking judicial review of a removal order after REAL ID was enacted "must be dismissed; it can be neither entertained nor transferred [to the court of appeals]." *Chen v. Gonzales*, 435 F.3d 788, 790 (7th Cir. 2006) (per curiam).

Petitioner appears to argue that he fits within an exception to the jurisdiction-stripping provision found in § 1252(a), which allows judicial review for certain expedited removal determinations in habeas corpus proceedings, limited to petitions seeking a determination of:

> (A) whether the petitioner is an alien;
>
> (B) whether the petitioner was ordered removed under [the expedited removal] section, and
>
> (C) whether the petitioner . . . is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title.

8 U.S.C. § 1252(e)(2)(A)-(C). Petitioner argues that the expedited order of removal entered against him was erroneous because § 1225(b)(1) only applies to "aliens" who have not been admitted or paroled into the United States and cannot prove they were physically present for at least two years before the determination of admissibility was made. Petitioner contends that, because he had a border crossing card and was present in the United States for at least two years before he was found to be inadmissible, he is entitled to relief because he does not qualify as an "alien" subject to removal under § 1225(b)(1).

3

Petitioner is mistaken.  The term "alien" is defined by the INA as "any person not a citizen or national of the United States," 8 U.S.C. § 1101(a)(3), and this definition applies to the entire Act, *id*. § 1101(a).  Because petitioner is not a United States citizen, he is deemed an alien within the meaning of the INA.  His petition, therefore, does not satisfy any of the limited exceptions found in § 1252(e)(2), and must be dismissed for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ORDER

IT IS ORDERED THAT:

1) The amended federal habeas corpus petition under 28 U.S.C. § 2241 filed by petitioner Jorge Alberto Briones Pereyra (dkt. #1) is DISMISSED without prejudice for lack of jurisdiction.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 9th day of June, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

4